IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:02-HC-335-BO

| | | |
|---|---|---|
| WILLIAM ROBERT GRAY, JR., | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| R.C. LEE, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court on Petitioner's pro se[1] motions for reconsideration [DE-100, 101].[2] Respondent has filed a status report since the filing of Petitioner's motions [DE-102], and the matter is ripe for adjudication. For the following reasons, Petitioner's motions for reconsideration [DE-100, 101] are DENIED.

This case was originally filed on May 20, 2002, as a capital habeas corpus petition. Pet. [DE-1]. Respondent's motion for summary judgment was granted on March 26, 2006. March 26, 2006 Order [DE-47]. On June 24, 2008, the Fourth Circuit affirmed in part, reversed in part and remanded the March 26, 2006 order. Gray v. Branker, 529 F.3d 220 (4th Cir. 2008). Specifically, the Fourth Circuit found that a new sentencing hearing was warranted, and the case was remanded for the

---

[1] Although the instant motion was filed pro se, the court notes that Petitioner has been represented by counsel throughout his habeas proceedings, and therefore, the requirements of 28 U.S.C. §§ 2261-2266 have been complied with. See Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. No. 104-132, § 107, 110 Stat. 1214, 1221-26. Furthermore, Petitioner is represented by counsel in his ongoing state re-sentencing proceedings. See [DE-102], p. 1.

[2] On August 27, 2014, Petitioner filed a letter [DE-100] that has been docketed by the Clerk of Court as a response to the Court's August 20, 2014 order. The letter shall be construed as a motion for reconsideration.

granting of the writ of habeas corpus "unless the State of North Carolina affords Gray a new sentencing hearing within a reasonable time." Id. at 242. To that end, on August 7, 2008, this court entered an order stating that Petitioner "shall be released from his sentence of death unless the State of North Carolina initiates new sentencing proceedings against him within 180 days of the date of this order. After 180 days, if the State of North Carolina has not initiated new sentencing proceedings, the State of North Carolina shall sentence [Petitioner] to life imprisonment." August 7, 2008 Order [DE-74].

On January 13, 2014, this court denied several motions [DE-76, 77, 79] filed by Petitioner on the basis that "[t]he case is . . . concluded and closed." January 13, 2014 Order [DE-81], p. 2. The court reached this determination by relying on information from the North Carolina Department of Public Safety which incorrectly noted that Petitioner's death sentence was vacated. Id.; http://webapps6.doc.state.nc.us/opi/viewoffender.do?method=view&offenderID=0153856&searchLastName=Gray&searchFirstName=William&searchMiddleName=R&listurl=pagelistoffenderssearchresults&listpage=1 (last viewed October 23, 2014) (noting that the sentence of death was vacated). However, Petitioner's re-sentencing proceedings are actually still ongoing. See, e.g., [DE-102], p. 1, ¶ 1. Petitioner filed a motion for reconsideration of the January 13, 2014 order on February 10, 2014. Mot. [DE-82]. He also filed a notice of appeal [DE-83] of the court's January 13, 2014 order on February 10, 2014. In his February 10, 2014 motion for reconsideration, Petitioner sought release from incarceration as a result of the delay in his re-sentencing proceedings. Mot. [DE-82], p. 9.

Ultimately, in light of the fact that Petitioner's case was not "concluded and closed," the court allowed Petitioner's motion for reconsideration. August 20, 2014 Order [DE-98]. However, upon reconsideration, the court determined that "the State of North Carolina was directed to initiate

2

new sentencing proceedings, and it has complied with that directive . . . [and] there has not been undue delay by the State of North Carolina." Id. at p. 6. Accordingly, the court denied Petitioner's request to be released from incarceration. Id. However, given the length of time since this matter was remanded, Respondent was ordered to file periodic status reports updating this court on Petitioner's re-sentencing proceedings. Id. at p. 7. Petitioner filed a notice of appeal [DE-99] of the court's August 20, 2014 order on August 21, 2014.[3] Likewise, he also filed the instant motions for reconsideration [DE-100, 101] of the August 20, 2014 order in this court. In the instant motions for reconsideration, Petitioner again requests that he be released from incarceration as a result of the delay in his re-sentencing proceedings. Mot. [DE-101], pp. 8-9.

Rule 59(e) of the Federal Rules of Civil Procedure permits a court to alter or amend a judgment. See Fed. R. Civ. P. 59(e). The decision to alter or amend a judgment pursuant to Rule 59(e) is within the sound discretion of the district court. See, e.g., Dennis v. Columbia Colleton Med. Ctr., Inc., 290 F.3d 639, 653 (4th Cir. 2002); Hughes v. Bedsole, 48 F.3d 1376, 1382 (4th Cir. 1995). The Fourth Circuit has recognized three reasons for granting a motion to alter or amend a judgment under Rule 59(e): "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available [previously]; or (3) to correct a clear error of law or prevent manifest injustice." Zinkand v. Brown, 478 F.3d 634, 637 (4th Cir. 2007) (quotations omitted); see also Bogart v. Chapell, 396 F.3d 548, 555 (4th Cir. 2005); Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998).

Since the filing of the instant motions to reconsideration, Respondent has filed a status report [DE-102] with the court. In the status report, Respondent reiterated that "trial counsel have met with

---

[3] On October 22, 2014, the Fourth Circuit remanded the matter to this court for a ruling on Petitioner's motions for reconsideration. [DE-103], p. 2.

3

State counsel and have negotiated a delay in the scheduling of the re-sentencing hearing in this matter for Petitioner's benefit while Petitioner's counsel investigated and prepared the case for a re-sentencing hearing." [DE-102], pp. 1-2. Furthermore, Respondent also indicates, *inter alia*, "the State made a formal offer to resolve these matters, and, pursuant to Petitioner's counsel's request, the matter has been continued to allow Petitioner time to consider the State's offer." [DE-102], pp. 2-3. In light of these representations, the court finds that the delay in Petitioner's re-sentencing proceedings is reasonable, and, therefore, the instant motions for reconsideration [DE-100, 101] are DENIED.[4] The court also notes that any further motions for reconsideration shall be strongly disfavored. Indeed, Petitioner is admonished that his repeated filing of motions for reconsideration in this court is precluding the Fourth Circuit from reviewing his case. See, e.g., [DE-97, 103].

SO ORDERED, this **27** day of October, 2014.

TERRENCE W. BOYLE
United States District Judge

---

[4] As in his previous motion for reconsideration, Petitioner also raises arguments that have been previously considered by this court, as well as the Fourth Circuit, and rejected. These claims are again summarily rejected. See, August 20, 2014 Order [DE-98], p. 5, n. 6.

4